UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID W. AKERS,  <br><br>　　　　　Plaintiff,  <br><br>v.  <br><br>IMPERIAL CAPITAL GROUP, LLC d/b/a MERCHANTS SOLUTION GROUP,  <br><br>　　　　　Defendant. | CIVIL COMPLAINT  <br><br><br>CASE NO. 4:21-cv-00073  <br><br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DAVID W. AKERS ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of IMPERIAL CAPITAL GROUP, LLC d/b/a MERCHANTS SOLUTION GROUP ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Missouri and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Missouri.

### PARTIES

1

4. Plaintiff is a natural person over 18 years-of-age.

5. Defendant is a third party debt collector who, upon information and belief, regularly attempts to collect upon debts owed by consumers. Defendant is a limited liability company organized under the laws of the state of North Carolina with its principal place of business located at 10912 McCamie Hill Place, Concord, North Carolina. Upon information and belief, Defendant regularly collects upon consumers located in the state of Missouri.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owes to Santander.

9. The subject debt stems from Plaintiff's purported financing of a Dodge Stratus ("subject automobile") through Santander.

10. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and turned over to Defendant for collection purposes.

11. Around January 2021, Plaintiff began receiving calls to his cellular phone, (573) XXX-3802, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3802. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. On or about January 12, 2021, Plaintiff received a voicemail message on his cellular phone from Defendant.

14. The voicemail message identified its purpose as a "legal notification," from a "Marcus" with "Judicial Services," and went on to inform Plaintiff that him or his attorney could contact the "mediation services" regarding the matter.

15. The voicemail message further states that the caller was attempting to serve Plaintiff with legal documentation, but due to an issue with the zip code, they needed to speak with Plaintiff.

16. The voicemail message directed Plaintiff to call the number (833) 206-8738.

17. At no point did the voicemail message disclose that it was from a debt collector, that the call was an attempt to collect a debt, or that any information would be used for collection purposes.

18. As a result of Defendant's failure, Plaintiff was put at a material risk of disclosing information to Defendant that would not have been disclosed had Defendant properly identified itself in the voicemail message.

19. Plaintiff subsequently contacted the phone number in the voicemail message, and spoke with Defendant.

20. Plaintiff was then informed that Defendant was attempting to collect the subject debt.

21. Due to the age of the subject debt, it was beyond any applicable statute of limitations period and was thus unenforceable in a court of law.

22. At no point did Defendant disclose to Plaintiff that the subject debt was time-barred or otherwise unenforceable in a court of law due to the age of the debt.

23. Nevertheless, upon speaking with Plaintiff, Defendant threatened Plaintiff with legal action, including the potential for placing on lien on Plaintiff's house, in the event Plaintiff did not pay.

24. Feeling concerned and pressured by Defendant's threats, Plaintiff suffered emotional distress believing he would be sued in connection with the subject debt, and accordingly agreed to make payment to Defendant in an effort to settle the subject debt.

25. Plaintiff received a collection letter from Defendant memorializing his payment arrangement.

26. However, Defendant's threats of legal action were blatantly false and misleading, given the age of the subject debt and its being barred from legal action given the passage of the statute of limitations.

27. By attempting to collect upon a debt without disclosing its time barred nature or informing Plaintiff of the ways in which the statute of limitations could be restarted, and further explicitly threatening legal action on a time-barred debt, Defendant engaged in harassing, deceptive, and unfair means to attempt to collect upon the subject debt.

28. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

29. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, falsely believing he would be subjected to legal action on a legally unenforceable debt, agreeing to make payment on a debt that could not be enforced in court, and a material risk of harm to Plaintiff's concrete interests protected by the FDCPA.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others; and further as it is a business the principle purpose of which is the collection of debts.

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692d**

35. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Furthermore, pursuant to 15 U.S.C. § 1692d(6), a debt collector is prohibited from placing "telephone calls without meaningful disclosure of the caller's identity."

36. Defendant violated § 1692d through its harassing and abusive threats regarding litigation against Plaintiff in the event the subject debt was not paid. Defendant made such false threats in a harassing, oppressive, and abusive attempt to convince Plaintiff that he would be sued on the subject debt if he did not make payment. Defendant engaged in this conduct hoping that Plaintiff would be harassed into making payment to Defendant, even though Defendant lacked the lawful ability to make such threats.

5

37. Defendant further violated §§ 1692d and d(6) through its failure to meaningfully identify itself in the voicemail message it left Plaintiff. Defendant's voicemail message completely failed to identify from whom the phone call was placed, underscoring Defendant's unlawful failure to meaningfully disclose its identity when placing telephone calls to Plaintiff.

### b. Violations of FDCPA § 1692e

38. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);

> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10);

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector……." 15 U.S.C. §1692e(11);

> "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

6

40. Defendant violated §§ 1692e, e(2)(A), e(4), e(5), and e(10) when it falsely, deceptively, and misleadingly threatened Plaintiff with legal action, including placing a lien on Plaintiff's house, in the event Plaintiff did not make payment on the subject debt. Defendant's threats were patently false given that the subject debt was past any applicable statute of limitations. Defendant made its threats absent the intent to follow through and absent the lawful ability to engage in the threatened conduct, knowing such false and deceptive representations would compel Plaintiff and unsophisticated consumers to make payment.

41. Defendant further violated §§ 1692e, e(2)(A), and e(10) when it deceptively and misleading attempted to settle the subject debt, despite the subject debt being time barred. Even absent a direct threat of litigation, Defendant's conduct in failing to disclose to Plaintiff that the subject debt was past the applicable statute of limitations, in combination with its efforts to settle the subject debt, underscore Defendant's deceptive and misleading conduct in omitting from Plaintiff that the subject debt was time barred.

42. Additionally, Defendant violated §§ 1692e, e(2)(A), and e(10) through its failure to inform Plaintiff of the ways in which the statute of limitations could be restarted if Plaintiff took certain action in connection with the subject debt. Defendant's failure to so inform, in combination with its additional threats and omissions, put Plaintiff at a material risk of harm as he was not provided vital information about how his conduct in response to Defendant's collection efforts would impact his interests in connection with the subject debt.

43. Defendant further violated §§ 1692e, e(10), and e(11) when it failed to properly apprise Plaintiff of the fact that it is a debt collector attempting to collect upon the subject debt and any information would be used for that purpose in the voicemail message it sent Plaintiff. Instead, Defendant attempted to worry and confuse Plaintiff into payment by attempting to serve legal

7

documentation. By failing to disclose itself as a debt collector attempting to collect a debt, or otherwise advising that Defendant would use such information for collection purposes, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA and deceive Plaintiff into providing information that would not be provided had Defendant's identity been made clear. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from enforcing his rights under the FDCPA and to further compel Plaintiff to disclose sensitive information. Defendant used such deceptive means in order to coerce Plaintiff into satisfying the subject debt.

44. Furthermore, Defendant violated §§ 1692e, e(2)(A), and e(10) through the false representations made in the voicemail message regarding attempting to serve Plaintiff with legal documentation and that there was a "mediator" involved with the subject debt. Defendant's voicemail deceptively and misleadingly represented to Plaintiff that litigation had been initiated against him in connection with the subject debt, even though such representation was demonstrably false. Instead, Defendant made its false representation hoping that Plaintiff would believe he was the active subject of a collection lawsuit and needed to make payment to avoid the litigation progressing further.

45. Additionally, Defendant violated §§ 1692e, e(2)(A), e(10), and e(14) when it referred to itself as "Judicial Services" in the voicemail message it left Plaintiff. Defendant used this false name in order to scare Plaintiff into believing he was being sought after in a court of law in connection with the subject debt, even though he was actually being contacted by Defendant in an attempt to collect the subject debt. As a result of Defendant's misrepresentations, Plaintiff was duped into agreeing to make payment to Defendant.

    c.  **Violations of FDCPA § 1692f**

46. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

47. Defendant violated §1692f when it unfairly threatened Plaintiff with litigation and the placement of lien on his house in the event Plaintiff did not pay a time barred debt.

48. Defendant further violated § 1692f when it unfairly attempted to settle the subject debt without disclosing the debt's time barred nature to Plaintiff.

49. Additionally, Defendant violated § 1692f when it unfairly failed to inform Plaintiff of the ways in which the statute of limitations could be restarted in connection with the subject debt.

50. Defendant further violated § 1692f when it unfairly referred to itself as "Judicial Services" rather than by its true name.

51. Defendant violated § 1692f when it unfairly failed to meaningfully disclose its identity to Plaintiff when placing phone calls.

52. Further, Defendant violated § 1692f when it unfairly suggested that Plaintiff or his attorney needed to contact a mediator, when in fact it was Defendant placing the call/acting as this "mediator."

53. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DAVID W. AKERS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 20, 2021                    Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com